# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3120

_____

Carol Knight Jackson, on behalf of     *
herself and all others similarly situated,     *
    *
        Plaintiff-Appellant,     *
    *   Appeal from the United States
      v.     *   District Court for the
    *   District of Minnesota.
Fortis Benefits Insurance Company,     *
    *
        Defendant-Appellee.     *

_____

Submitted: March 14, 2001

Filed: April 6, 2001

_____

Before BYE, LAY, and JOHN R. GIBSON, Circuit Judges.

_____

LAY, Circuit Judge.

Carol Knight Jackson worked for the Minnesota State Employees Union AFSCME Council No. 6 from 1986 until mid-1995. As an AFSCME employee, she participated in a qualified ERISA long-term disability plan, which was underwritten by Fortis Benefits Insurance Company ("Fortis").

The plan requires Fortis to pay disability benefits upon receipt of "proof that [the claimant] is totally disabled due to sickness or injury and requires the regular care of

a physician." Jackson v. Fortis Benefits Ins. Co., No. 99-CV-689, slip op. at 2 (D. Minn. Aug. 1, 2000) (citation omitted). Total disability is defined in the plan as "an injury or sickness which . . . prevents the insured from doing each of the main duties of his or her regular job." Id. Claimants under the plan are required to submit to Fortis written proof of disability within ninety days of the elimination period,[1] if practicable. Id.

In January 1996, Jackson submitted to Fortis a claim for long-term disability benefits, claiming a disability related to a number of physical ailments.[2] Fortis denied Jackson's claim and Jackson appealed through the Group Claim Denial Review Procedure. In the process of her appeal, Jackson amended her claim to identify post-traumatic stress disorder as the disabling condition. Fortis denied Jackson's amended claim, based on lack of documentation of the disability. During her appeal, Jackson's condition was evaluated by various doctors, which eventually produced the necessary diagnosis and documentation to support her claim. Jackson submitted these documents to Fortis in December 1998 and Fortis granted Jackson full benefits approximately three weeks later. Fortis established a disability onset date of April 6, 1995, a benefits commencement date of July 5, 1995 (accounting for the ninety-day elimination period), and a benefits expiration date of July 4, 1997. Fortis disbursed those benefits to Jackson in a lump sum payment on January 12, 1999.

Jackson requested that Fortis pay interest on the sum for the time between the April 6, 1995 disability onset date and the January 12, 1999 date of payment. Fortis denied her request, stating that it did not "pay interest in connection with claim

---

[1]The elimination period is the "period of consecutive days of total disability for which no benefit is payable." Jackson, No. 99-CV-689, slip op. at 2 n.2.

[2]Jackson's claim was supported by a physician's statement that listed Jackson's disabling diseases as arthralgia/fibromyalgia, allergy, fatigue, joint pain, irritable bowel, and magnesium deficiency.

decisions which are overturned in the course of [the] Group Claim Denial Review Procedure." Id. at 7.

Jackson filed suit in the United States District Court for the District of Minnesota, seeking relief in the form of interest for herself and all others similarly situated on the grounds of Fortis' unjust enrichment and breach of fiduciary duty. The district court[3] granted summary judgment in favor of Fortis, finding that prejudgment interest is not available under ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B), absent a showing that a plan administrator has either breached ERISA's statutory obligations or the terms of the plan document. We affirm.

ERISA permits participants "to recover benefits due to [them] under the terms of [their] plan." Id. The statute further provides that participants may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan." ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). In this case we are presented with the issue of whether, in these sections, ERISA provides for an award of interest on back benefits when payment is delayed. The question is one of first impression in this court.

The district court read the statute as limiting equitable relief to two situations: (1) when a plaintiff seeks to remedy a plan breach, or (2) when a plaintiff seeks to enforce rights granted under a plan or the statute. The court concluded that there was no need for it to create a remedy because Congress had precluded Jackson's claim for interest by the terms of the statute.

---

[3]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, presiding.

On appeal, Jackson argues that an award of accrued interest is "appropriate equitable relief" under ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B), which is necessary to make an ERISA plan beneficiary whole and necessary to prevent the unjust enrichment of the plan. Contrary to the district court's finding, Jackson points out that in ERISA, Congress did not address the issue of whether interest on back benefits is due when payment has been delayed. Jackson further asserts that even in the absence of a congressional directive, the Eighth Circuit recognizes the equitable propriety of awarding prejudgment interest in ERISA cases.

Fortis responds that Jackson's argument that an award of interest is necessary to enforce the terms of the plan is not supported by any authority in the absence of breach or repudiation. Fortis explains that every court to consider ERISA claims for interest in other circumstances supports the rule articulated by the district court in the instant case. See, e.g., Clair v. Harris Trust & Sav. Bank, 190 F.3d 495, 497-99 (7th Cir. 1999) (holding that ERISA "authorizes suit to redress plan violations," but concluding there was no breach of ERISA or terms of the plan); Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 128 (3d Cir. 2000) (noting that "ERISA permits actions to recover interest on wrongly withheld benefits") (citing Fotta v. Trustees of the United Mine Workers of Am. Health & Retirement Fund, 165 F.3d 209 (3d Cir. 1998)); Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208, 1218-19 (8th Cir. 1981) (allowing prejudgement interest under ERISA where there has been a violation of the plan).

We hold that the district court correctly applied the rule adopted by this and other circuits, which requires a showing that the plan was breached before interest on back payments may be awarded under ERISA. We affirm and adopt the well-reasoned opinion of the district court.

JUDGMENT AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.